**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOE FLOYD FULLER,

          Plaintiff-Appellant,

v.

THE STATE OF KANSAS;
JOHNSON COUNTY BOARD OF
COUNTY COMMISSIONERS; LYNN
MYERS; and JOHNSON COUNTY
SHERIFF'S DEPARTMENT,

          Defendants-Appellees.

No. 05-3360

(D.C. No. 04-CV-2457-CM)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore

ordered submitted without oral argument.

Appellant, who appears pro se, filed suit under 42 U.S.C. § 1983 alleging

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that his Fourth Amendment rights were violated when he was falsely arrested and falsely imprisoned on charges of forgery, which were later dropped. Appellant was arrested on felony charges and failed to appear for a preliminary hearing whereupon a bench warrant was issued for his arrest. He was subsequently arrested and incarcerated at the Johnson County Adult Detention Center in Olathe, Kansas. The felony charges were later dismissed by a state court judge, but Appellant "remained in the custody of defendant Sheriff Lynn Myers on pending charges of forgery and felony theft in another case . . . ." Memorandum and Order, 2 (D. Kan. Aug. 8, 2005).

Reviewing this action, the district court determined that one of the Defendants, the State of Kansas, was entitled to sovereign immunity. Memorandum and Order, 3 (D. Kan. Aug. 16, 2005). The district court also determined that Appellant's complaint failed to state a claim for relief with respect to the remaining Defendants. Memorandum and Order, 5 (Aug. 8, 2005). Appellant appeals these dismissals of his claims.

With respect to the district court's finding that the State of Kansas was entitled to sovereign immunity, the court emphasized that "[Appellant] sued the State of Kansas–not any of its officials–for actual, compensatory and punitive damages." Memorandum and Order, 3 (Aug. 16, 2005). As to the district court's determination that Appellant had failed to state a claim for which relief can be

granted pursuant to Fed. R. Civ. P. 12(b)(6), the court stated:

> Quite simply, [Appellant's] complaint offers little or no alleged facts, and [Appellant's] response to County Defendants' motion does not add any factual allegations. Moreover, [Appellant] does not set forth any facts explaining how he was allegedly falsely arrested or falsely imprisoned, or how County Defendants are involved with or liable for [Appellant's] allegations.

Memorandum and Order, 5 (Aug. 8, 2005).

We now grant Appellant's motion to proceed *in forma pauperis*. We have carefully reviewed the briefs of the Appellant and the Appellees, the district court's disposition, and the record on appeal. We have conducted a de novo review of the district court's dismissals, and for substantially the same reasons set forth by the district court in its August 8, 2005, and August 16, 2005, orders, we **AFFIRM** the district court's dismissal of Appellant's § 1983 complaint.

Entered for the Court


Monroe G. McKay
Circuit Judge